# In the United States Court of Federal Claims

No. 19-1642C

(Filed: November 8, 2019)

**NOT FOR PUBLICATION**

|  |  |  |
|---|---|---|
| PRESTON D. CORNELIUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Pro Se Complaint; Sua Sponte |
| v. | ) | Dismissal for Lack of Subject Matter |
| | ) | Jurisdiction, RCFC 12(h)(3). |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

On October 21, 2019, plaintiff Preston D. Cornelius, a prisoner incarcerated at the Dooley State Prison in Unadilla, Georgia, filed a complaint, ECF No. 1, and a motion to proceed in forma pauperis in this matter, ECF No. 2. For the following reasons, the court **DISMISSES** plaintiff's complaint for lack of subject matter jurisdiction.

I.   Background

In his complaint, plaintiff states that the basis of this court's jurisdiction is his claim for "[d]amages for unjust conviction and imprisonment" from the United States government. See ECF No. 1 at 1. Plaintiff alleges that on June 15, 2011, he was "taken into custody by the Atlanta Fugitive squad on an outstanding warrants from an incident alleged from August 9, 1987." Id. at 2. Beyond that statement, neither the complaint nor its attachments provide any detail about the challenged conduct, but they do include legal commentary seeming to connect his allegedly improper arrest to a considerable range of topics. See generally id. (discussing topics including, inter alia, the court's jurisdiction, statute of limitations, laches, adverse possession, estoppel, habeas corpus, writ of error coram nobis, accord and satisfaction, negligence, duress, and fraud). Plaintiff explains the relief he seeks as follows: "Expungement of records and unconditional discharge sentence as to any current sentences now serving. Pursuant with expungement remedy.

Reentry right of recover of judgment in the amount ten million dollars action at law for release personal in personam jurisdiction." See ECF No. 1 at 5.

II.   Legal Standards

   A.   Pro Se Litigants

The court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of a common law pleading. Roche v. USPS, 828 F.2d 1555, 1558 (Fed. Cir. 1987). The court further acknowledges that pro se plaintiffs are entitled to a liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the complaint thoroughly to ascertain whether, given the most favorable reading, it supports jurisdiction in this court.

   B.   Jurisdiction

This court is one of limited jurisdiction. Specifically, the Tucker Act grants the court the authority to consider, "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012).

The court also has jurisdiction pursuant to 28 U.S.C. § 1495 (2012), which provides that: "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." In order to invoke jurisdiction under 28 U.S.C. § 1495, however, plaintiff must first satisfy the requirements of 28 U.S.C. § 2513(a). See Abu-Shawish v. United States, 120 Fed. Cl. 812, 813 (2015) (citations omitted). Section 2531(a) states:

> (a)   Any person suing under section 1495 of this title must allege and prove that:
>
>   (1)   His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

>   (2)   He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

"Therefore, in order for this court to have jurisdiction, a plaintiff must obtain a certificate of innocence from the district court which states that not only was he not guilty of the crime of conviction, but also that none of his acts related to the charged crime were other crimes." Abu-Shawish, 120 Fed. Cl. at 813.

If, at any point, the court finds that it lacks jurisdiction over a particular case, that case must be dismissed. See Rule 12(h)(3), Rules of the United States Court of Federal Claims (RCFC). The court may properly conduct this analysis on its own. See Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject matter jurisdiction may be challenged at any time by the parties or by the court sua sponte.").

III.   Analysis

   A.   Lack of Subject Matter Jurisdiction

The claims presented in plaintiff's complaint are, by their nature, related to his arrest and imprisonment. The statement of his requested relief indicates that he seeks money damages as compensation for his allegedly improper arrest and imprisonment, as well as release from prion. See ECF No. 1 at 5. Although plaintiff lists myriad legal concepts in his filings, when read as a whole, it is clear that the gravamen of his complaint is related to criminal process. The court, therefore, addresses plaintiff's complaint on these terms. See, e.g., Katz v. Cisneros, 16 F.3d 1204, 1207 (Fed. Cir. 1994) ("Regardless of the characterization of the case ascribed by [the plaintiff] in its complaint, we look to the true nature of the action in determining the existence or not of jurisdiction.") (citing Livingston v. Derwinski, 959 F.2d 224, 225 (Fed. Cir. 1992)).

This court has no jurisdiction over criminal matters, and thus does not have the authority to consider plaintiff's complaint. E.g., Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994). It follows, then, that a request for release from prison is not within this court's jurisdiction. Woodson v. United States, 89 Fed. Cl. 640, 651 (2009) (citing Bowen v. Massachusetts, 487 U.S. 879, 905 (1988)). As for plaintiff's monetary claim, there is no allegation in the complaint that his claim is founded on a court-issued certificate of innocence so that this court would have jurisdiction over his claim. Because this prerequisite is absent here, plaintiff's unjust imprisonment claim must be dismissed by the court for lack of subject matter jurisdiction. Abu-Shawish, 120 Fed. Cl. at 813-14.

Moreover, the complaint identifies "Aimee Smith, Warden . . ." as a defendant in this case. ECF No. 1. This court's jurisdiction is limited to "claim[s] against the United States . . . ." 28 U.S.C. § 1491(a)(1). This court has no authority to hear claims or render judgment against parties other than the United States. See United States v. Sherwood, 312 U.S. 584, 588 (1941) (holding that this court's subject matter jurisdiction "is confined to the rendition of money judgments against the United States, and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court") (citations omitted). For this additional reason, plaintiff's claims are outside the subject matter jurisdiction of this court.

B. Transfer

Because plaintiff's complaint is not within this court's jurisdiction, the court considers whether transfer to another federal court is appropriate. Transfer of cases from this court to a district court is governed by 28 U.S.C. § 1631 (2012), which states in relevant part, as follows:

> Whenever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Id. Here, plaintiff's complaint includes so few factual allegations that the court is unable to determine either whether transfer would serve the interests of justice in this case, or to which court a transfer would be made. As such, the court concludes that transfer is not warranted.

V. Conclusion

There is no jurisdiction in this court for plaintiff's claims, and his complaint must, therefore, be dismissed. Accordingly, plaintiff's application to proceed in forma pauperis, ECF No. 2, is **GRANTED** for the limited purpose of determining this court's jurisdiction. The clerk's office is directed to **ENTER** judgment for defendant **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, without prejudice, pursuant to RCFC 12(h)(3). Additionally, the clerk's office is directed to **REJECT** any future filings not in compliance with this court's rules from plaintiff.

IT IS SO ORDERED.

*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge